No. 4629.

CITIZENS' BANK OF LOUISIANA *v.* A. DUBUCLET, State Treasurer.

The Citizens' Bank obtained, by mandamus proceeding against the State Treasurer, a judg-
ment in the Superior District Court ordering him to pay the bank $200,000, and the
plaintiff now prays that an injunction issue to restrain the Treasurer from paying any
warrant or warrants out of the general fund, until he shall have paid the petitioner the
said sum of $200,000.

The position taken as to the right to question in this suit the validity of plaintiff's claim,
which is based on a final judgment, is correct; but the remedy sought by injunction can
not be accorded.  This is not the mode of enforcing or executing a judgment in a man-
damus suit.

APPEAL from the Superior District Court, parish of Orleans.  *Haw-kins.* J.  *A. Pitot, Finney & Miller*, for plaintiff and appellant.  *A. P. Field*, Attorney General, *J. Q. A. Fellows & Whitaker*, for defendant and appellee.

TALIAFERRO, J.  The Citizens' Bank alleges that in July, 1872, it had obtained by mandamus proceeding against the State Treasurer a judgment of the Eighth District Court of New Orleans, ordering him to pay the bank $200,000, with eight per cent. interest from twenty-seventh February, 1872, being the amount of State warrants issued in its favor in payment of an equal sum loaned to the State to pay the per diem of the members of the Legislature, which warrants were issued under authority of the statute No. 12, approved twenty-sixth February, 1872, entitled "An act to amend an act entitled an act de- fining the distances from the domiciles of members, etc., and making an appropriation to defray the expenses of the General Assembly and to repeal act No. 52 of 1869."  The act of twenty-sixth February, 1872, the plaintiff shows, provides "that warrants shall be paid out of any money in the treasury to the general fund, and out of the first money which shall be paid into the treasury to the credit of the gene—

6

ral fund, until all the warrants issued under the appropriation made in this act shall have been paid." The plaintiff complains that notwithstanding the judgment so obtained against the Treasurer, he has failed and refused to pay the bank any money. The plaintiff alleges that large amounts have been paid into the treasury, and other warrants paid by the Treasurer, to the great injury of the plaintiff. The plaintiff prayed that an injunction issue to restrain the Treasurer from paying any warrant or warrants out of the general fund until he shall have paid the petitioner the said sum of $200,000, with interest correspondingly with the amount paid to the district judges since the rendition of the judgment in favor of plaintiff on the third July, 1872, and not to pay any judicial salary for the future without paying to petitioner its proportion of the funds in the treasury upon an equal footing and rank with the judges.

There was an order rendered to show cause, and a preliminary restraining order issued until the rule *nisi* should be tried. Several interventions were filed offering the prayer of the petition to injoin the Treasurer, as asked by the plaintiff. The Attorney General, on behalf of the State and the Treasurer, excepted that act No. 12 of 1872, and especially the second section of the act, is unconstitutional and void, inasmuch as the subject matter of that section is not expressed in the title; that the duties of the Treasurer, as required of him in the pleadings, are not merely ministerial, but of an executive character, and not such as a court can take cognizance of; that for his acts he is responsible alone to the Legislature for any failure in the performance of his duties or for any misfeasance in office, and to the parties injured in damages; that the petition and interventions set forth no cause of action; that neither law nor equity authorizes any warrant on the general fund to be paid in preference to any other warrant on the same fund, only that each should be paid in the order in which they were drawn, the first warrant or that of oldest date to be paid first out of any moneys which are in or may first come into the treasury.

On these issues the case was tried. The injunction was refused and the interventions dismissed. From this judgment the plaintiff, the Citizens' Bank, alone has taken the appeal.

It seems that the title to the act of twenty-sixth of February, 1872, does not express all its objects in its title. It is "An act to amend an act entitled an act defining the distances from the domiciles of the members of the General Assembly to the State House, fixing the mode of ascertaining the per diem of members of the General Assembly for the time engaged in going to and returning from the State House and their mileage to be paid, and the number of employes of the General

Assembly and their compensation, and defining their duties, and making an appropriation to defray the expenses of the General Assembly, and to repeal act No. 52 of 1869."

One of the objects, and the primary one, of this act is to borrow $200,000, which the second section of the act authorizes the Governor to do. We think it is in repugnance with article 114 of the constitution of the State, which declares that " every law shall express its object or objects in its title." The act does not express the purpose to borrow $200,000.

The injunction sought for by the plaintiff would · operate an interference with and a control of the functions of the State Treasurer not warranted by law. The act required of him is not merely ministerial. 17 An. 311; 15 An. 334; 21 An. 352. We think the decree of the lower· court correct.

It is therefore ordered that the judgment of the Superior District Court be affirmed with costs.

___

### ON REHEARING.

HOWELL, J.   Counsel for the bank press upon our attention the fact that the correctness and recognition of the claim herein against the State was definitively settled by a judgment of the Eighth District Court for the parish of Orleans, on the third of July, 1872, in the mandamus suit against the State Treasurer, represented therein by the Attorney General, who at the same time represented the State, and contend that as the said judgment is final, the unconstitutionality of the act authorizing the debt can not be raised in this proceeding, the object of which is only to injoin the Treasurer from paying any one until he shall have complied with the judgment in the said mandamus. suit by paying the plaintiff herein.

This position as to the right to question in this suit the validity of plaintiff's claim is correct, but the remedy sought by injunction can not be accorded. This is not the mode of enforcing or executing a judgment in a mandamus suit.

The injunction was properly disallowed in the lower court; but as the judgment in favor of the bank in the mandamus proceeding is final and conclusive as to the existence and legality of the claim, we erred in making the constitutional question the reason for our affirmance of the said decree on the injunction. And we deem it unnecessary to express an opinion now upon the right of a court of justice to injoin the State Treasurer from paying certain parties to the prejudice of others, setting up an alleged legal preference.

For the reason herein given, it is ordered that our former decree affirming the judgment of the lower court remain undisturbed.